IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEXANDER GUEVARA-LÓPEZ,<br><br>    Plaintiff<br><br>        v.<br><br>MIGUEL PEREIRA, et al.,<br><br>    Defendants | CIVIL NO. 04-1344 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Miguel Pereira-Castillo ("Pereira"), Carlos Costales-Rojas ("Costales"), Osvaldo Rivera-Domínguez ("Rivera"), and Carlos González-Rosario's ("González") motion for judgment on the pleadings (**No. 61**), and Plaintiff Alexander Guevara-Lopez's ("Guevara") opposition thereto (No. 69). Plaintiff Guevara filed the instant lawsuit alleging various constitutional and statutory violations arising from a beating allegedly inflicted upon Plaintiff by prison guards at the Maximum Security Section of the Ponce Correctional Complex ("Las Cucharas").

Plaintiff's amended complaint (No. 37) specifically names eight Defendants.[1] Defendants Pereira, Costales, Rivera, and González (the "Moving Defendants"), four of the eight Defendants identified, filed

---

1.  In addition to the eight named Defendants, the amended complaint also lists three additional unidentified Defendants: John Doe, Richard Roe, and Peter Poe.

CIVIL NO. 04-1344 (JP)          -2-

the instant motion for judgment on the pleadings alleging, *inter alia*, that as supervisory officers they were not directly involved with the alleged facts giving rise to the instant action.  For the reasons stated herein, the Moving Defendants' motion for judgment on the pleadings is **GRANTED IN PART AND DENIED IN PART.**

I.   **FACTUAL ALLEGATIONS**

Plaintiff Guevara is an inmate at the Maximum Security Section of Las Cucharas prison in Peñuelas, Puerto Rico.  Guevara alleges that on or around December 17, 2003, at 11:30 p.m., Defendants Costales,[2] Luis Olivera-Torres ("Olivera"), and other prison guards entered his cell.  Plaintiff alleges that once inside the cell, Defendant Costales proceeded to handcuff Plaintiff.  Officer Olivera and other unidentified officers then allegedly removed Plaintiff's mattress and fan from the cell.  After a few words were exchanged between Plaintiff and Defendant Costales, the officers left the cell.

Defendants Costales and Olivera allegedly returned shortly thereafter, together with several officers of the Disturbance Control Unit, and Defendant González, Superintendent of the Maximum Security Section of Las Cucharas.  Plaintiff identified the officers of the Disturbance Control Unit as Defendants Enil Montalvo-Morales ("Montalvo"), Leocadio Rodríguez-Torres ("Rodríguez"), and FNU Maldonado ("Maldonado").  Plaintiff alleges that Superintendent

---

2.   Defendant Costales' name is spelled, apparently in error, as "Cortales" in the amended complaint.

CIVIL NO. 04-1344 (JP)            -3-

González then ordered Costales, Olivera, Maldonado, Montalvo, Rodríguez, and other unidentified officers to take Plaintiff to the admissions area "so he can learn his lesson." The officers allegedly denied Plaintiff's request to put his clothes on, and took him from his cell in underwear and slippers.

Plaintiff alleges that he was then brought to the prison elevator by Defendants Maldonado and Montalvo. Inside the elevator, Defendants Maldonado and Montalvo, without provocation, allegedly began hitting Plaintiff in the head and back with open hands and gloves, so as not to leave bruises. Plaintiff was then brought to a cell in the admissions area and was left there. A few minutes later, Defendants Olivera, Montalvo, Maldonado, Rodríguez, and other unidentified officers, allegedly returned to the cell in the admissions area. Plaintiff alleges that said officers entered the cell and started beating him a second time. The officers allegedly beat Plaintiff for approximately three to five minutes, and applied pepper spray to Plaintiff's face.

Plaintiff was subsequently returned to his own cell and left alone, where he suffered intense pain throughout his body as a result of the beating. Plaintiff further alleges that as a result of the pepper spray, his eyes were irritated and his breathing impaired. Plaintiff asked an unidentified officer to help him obtain medical assistance, and he was taken to a separate building in the Las

CIVIL NO. 04-1344 (JP)          -4-

Cucharas complex to receive medical assistance.  The following day, on December 18, 2003, Plaintiff informed Defendant Rivera that he wanted to report the assault that he had suffered.  Defendant Rivera allegedly did not call the police or assist Plaintiff in reporting the incident.

## II.  **LEGAL STANDARD FOR A JUDGMENT ON THE PLEADINGS**

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion to dismiss.  <u>Vázquez v. Tribunal Gen. de Justicia</u>, 477 F. Supp. 2d 406, 409 (D.P.R. 2007).  "The trial court must accept all of the non-movant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." <u>Pasdon v. City of Peabody</u>, 417 F.3d 225, 226 (1st Cir. 2005) (quoting <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988)).  In order to survive a motion for judgment on the pleadings, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . .'"  <u>Pérez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008) (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007)).

## III.  **ANALYSIS**

The Moving Defendants allege that they are entitled to judgment on the pleadings for the following reasons: (1) Plaintiff's amended

CIVIL NO. 04-1344 (JP)        -5-

complaint fails to allege an Eighth Amendment violation under the standards required for supervisory liability pursuant to 42 U.S.C. § 1983 (Section 1983);[3] (2) Plaintiff's amended complaint does not state a claim for a violation of the First Amendment; (3) Plaintiff's claims against Defendant Pereira are time-barred; and (4) the Moving Defendants are entitled to qualified immunity.  The Court will now consider the Moving Defendants' arguments in turn.

### A. Supervisory Liability for Eighth Amendment Claim Brought Pursuant to Section 1983

The Moving Defendants argue that the amended complaint fails to adequately allege an Eighth Amendment claim against them pursuant the standards applicable to claims of supervisory liability under Section 1983.  Under Section 1983, supervisory liability cannot be predicated on a *respondeat superior* theory.  Whitfield v. Meléndez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005) (citing Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999)). Supervisors may only be held liable under Section 1983 on the basis of their own acts or omissions.  Id.  Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization.  Id. (citing Camilo-Robles v.

---

3.   This argument is addressed in three sections of the Moving Defendants' motion. For purposes of providing a succinct and focused analysis, the Court will address in a single section the related points made in sections IV, VII, and VIII of the Moving Defendants' motion.

CIVIL NO. 04-1344 (JP)          -6-

Zapata, 175 F.3d 41, 44 (1st Cir. 1999).  Absent direct participation, a supervisor may only be held liable where "(1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was 'affirmatively link[ed]' to the behavior in the sense that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence . . . amounting to deliberate indifference.'"  Id. (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1379-80 (1st Cir. 1995) (quoting Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 902-03 (1st Cir. 1988))).

In the instant case, Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment was violated when he suffered beatings at the hands of Defendants Olivera, Montalvo, Rodríguez, and Maldonado.  However, Plaintiff does not allege that any of the Moving Defendants – Pereira, Costales, Rivera, and González – directly participated in the alleged beatings. Rather, Plaintiff alleges that the Moving Defendants' actions were affirmatively linked to the beatings through supervisory encouragement of a policy or practice of use of excessive force by the officers.

Plaintiff alleges generally that in their positions of authority within the correctional system, the Moving Defendants established and implemented policies that permitted the use of excessive force

CIVIL NO. 04-1344 (JP)        -7-

against prisoners.  Plaintiff alleges that Defendant Pereira, as Secretary of the Puerto Rico Department of Corrections, was responsible for establishing the protocols for operation of the Department of Corrections.  Plaintiff alleges that Defendant González's role as Superintendent of Las Cucharas prison included responsibilities to supervise and train custody officials in their practices when dealing with prisoner disciplinary issues.  With regard to Defendants Costales and Rosario, Plaintiff alleges that said Defendants are custody officers whose primary functions include supervising other prison guards under their command.  Plaintiff's complaint alleges that each of the four Moving Defendants, acting in their respective positions of authority, encouraged, condoned, or were deliberately indifferent to practices that violated prisoners' Eighth Amendment right to be free from cruel and unusual punishment.

   Plaintiff supplements his general allegations with limited specifics regarding the individual Moving Defendants.  Plaintiff alleges that Defendant Rivera failed to assist Plaintiff in filing a police report after the incident.  Defendant Costales allegedly handcuffed Plaintiff before he was taken to the elevator and beaten by other officers.  Plaintiff does not offer specific factual examples as to how Defendant Pereira established or encouraged policies permitting use of excessive force.

CIVIL NO. 04-1344 (JP)          -8-

Even taken the light most favorable to Plaintiff, his allegations regarding Defendants Rivera, Costales, and Pereira amount to little more than a conclusory recitation of the legal standard for supervisory liability. The bulk of Plaintiff's allegations consist of statements such as "It was the policy, practice and/or custom of [the Moving Defendants] to authorize certain custody officials . . . to cover up, use excessive force, and/or fail to intervene in the use of excessive force . . . ." (Am. Compl. ¶ 40.) This sort of bald assertion of the legal standard is insufficient to overcome a motion to dismiss or motion for judgment on the pleadings. Rodríguez Esteras v. Solivan Díaz, 266 F. Supp. 2d 270, 283 (D.P.R. 2003) (holding that to allege supervisory liability under Section 1983, the "complaint must do more than adumbrate the legal standard." (citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) ("[W]e insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why."))). Because Plaintiff's complaint does not offer sufficient specific allegations to create an affirmative link between the alleged beatings and the actions or omissions of Defendants Rivera, Costales, and Pereira, the Court grants said Defendants' motion for judgment on the pleadings as to Plaintiff's Eighth Amendment claim. Accordingly, the Eighth Amendment claim against Defendants Rivera,

CIVIL NO. 04-1344 (JP)          -9-

Costales, and Pereira shall be dismissed with prejudice in a separate judgment.

With regard to Defendant González, Plaintiff offers stronger factual allegations to support a claim of supervisory liability for the alleged beatings. In particular, Plaintiff alleges that Defendant González, acting in his role as Superintendent of the Las Cucharas prison, arrived at Plaintiff's cell with a group of officers and ordered the other officers to take Plaintiff to the admissions area "so he can learn his lesson." (Am. Compl. ¶ 16.) Plaintiff further alleges that when he requested permission to put his clothes on prior to being removed from his cell, Defendant González and the other officers present denied his request. These allegations are consistent with a finding that Defendant González encouraged, condoned, or was deliberately indifferent to the other officer's alleged beatings of Plaintiff. Taking the factual allegations as true, as we must in the context of a motion for judgment on the pleadings, Plaintiff's complaint provides enough to overcome a judgment on the pleadings as to his Eighth Amendment supervisory liability claim against Defendant González. Medina-Pérez v. Fajardo, 257 F. Supp. 2d 467, 474 (D.P.R. 2003). Accordingly, Defendants' motion for judgment on the pleadings as to the Eighth Amendment supervisory liability claim against Defendant González is denied.

CIVIL NO. 04-1344 (JP)          -10-

**B.   Plaintiff's First Amendment Claim**

The Moving Defendants also argue that Plaintiff's First Amendment claim against them should be dismissed due to lack of adequate allegations. Plaintiff does not address this issue in his opposition to the Moving Defendants' motion for judgment on the pleadings. Plaintiff's amended complaint contains one short, vague paragraph of additional allegations regarding his claim for violation of the First Amendment. Said paragraph reads:

> The retaliatory conduct described in the preceding paragraphs, and defendant Osvaldo Rivera-Domínguez's obstruction of Plaintiff's right to report the beatings he suffered, violates Plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, for which defendant officers are individually liable.

(Am. Compl. ¶ 30.)

The Court gathers from Plaintiff's sparse allegations that he is attempting to allege a claim for retaliation pursuant to the First Amendment. In order to allege a First Amendment retaliation claim, a plaintiff must show that he engaged in constitutionally protected conduct and that this conduct was a substantial or motivating factor in an alleged adverse employment action. Welch v. Ciampa, 542 F.3d 927, 936 (1st Cir. 2008) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)).

In the instant case, Plaintiff is not an employee of any of the Defendants. As such, Defendants could not have carried out any

CIVIL NO. 04-1344 (JP)          -11-

adverse employment action upon Defendant, let alone one that was motivated by an intent to retaliate against Plaintiff for constitutionally protected conduct.  Plaintiff provides no further development of the theory behind his First Amendment claim in either the amended complaint or his opposition brief.  Having been offered only vague and undeveloped allegations, the Court finds that Plaintiff has failed to allege a plausible First Amendment claim.  Accordingly, the Court will dismiss with prejudice Plaintiff's First Amendment claim as against all Defendants.[4]

### C.   Time-Bar of Plaintiff's Claims Against Defendant Pereira

Defendant Pereira argues that Plaintiff's claims against him are time-barred.  Although we need not proceed with Pereira's additional arguments for judgment on the pleadings, the Court shall briefly address his statute of limitations defense.  Pereira reasons that because he was not named in the amended complaint until October 14, 2008, the one year statute of limitations for a Section 1983 claim had already expired since the events giving rise to the lawsuit occurred on December 17, 2003.  See Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997) (applying one year statute of limitations to Section 1983 claim).  Plaintiff counters that the allegations of the amended complaint relate back to the date of

---

4.  Although the present motion for judgment on the pleadings is filed only by the four Moving Defendants, the Court finds that the clear deficiencies in Plaintiff's First Amendment allegations are equally fatal to Plaintiff's First Amendment claim against the nonmoving Defendants.

CIVIL NO. 04-1344 (JP)        -12-

filing of the original complaint, October 14, 2004, pursuant to Federal Rule of Civil Procedure 15(c).  Because the original complaint was filed within one year after the alleged events, Plaintiff argues that his claims against Defendant Pereira are timely.

Rule 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff's opposition brief does not go into a discussion of these requirements for relation back of allegations against a new party. Plaintiff offers no indication that Defendant Pereira received notice of the action with 120 days of the original complaint.  Nor does Plaintiff allege that Defendant Pereira knew or should have known that the original action would have been brought against him but for a mistake concerning the proper party's identity.  The Court therefore rejects Plaintiff's relation back argument.  While the claims against Defendant Pereira have already been found insufficient

CIVIL NO. 04-1344 (JP)          -13-

on the merits of the allegations, the Court also finds that said claims are time-barred.

### D. Qualified Immunity

As an alternative basis for dismissal of the claims against them, the Moving Defendants argue that they are entitled to qualified immunity. The doctrine of qualified immunity provides a safe harbor in certain circumstances for public officials acting under the color of state law who would otherwise be liable under Section 1983 for infringing the constitutional rights of private parties. See Anderson v. Creighton, 483 U.S. 635, 638 (1987). Public officials are entitled to qualified immunity unless the facts establish that their conduct violated a constitutional right that was "clearly established" at the time of the violation such that a reasonable officer would have known that the conduct at issue was unlawful. Santana v. Calderón, 342 F.3d 18, 23 (1st Cir. 2003).

Claims of qualified immunity are assessed under a three-part test. Riverdale Mills v. Pimpare, 392 F.3d 55, 60-61 (1st Cir. 2004). First, the Court determines whether the facts alleged, taken in the light most favorable to the plaintiff, amount to a violation of a constitutional right. Id. at 61. Second, the Court determines whether the constitutional right was clearly established at the time of the alleged violation. Id. at 61. Finally, the Court determines whether a reasonable officer, similarly

CIVIL NO. 04-1344 (JP)          -14-

situated, would understand that his or her conduct violated that clearly established right.  Id. at 61.  If all three elements are satisfied, the plaintiff defeats the defense of qualified immunity.

With regard to the first step in the qualified immunity analysis, the Court has already found in Part III A, above, that Plaintiff has failed to allege an Eighth Amendment violation by Defendants Rivera, Costales, and Pereira.  As such, the Eighth Amendment claims against said Defendants will be dismissed without any need for the qualified immunity defense.  By contrast, the Court found that Plaintiff has adequately alleged a claim for an Eighth Amendment violation by Defendant González.  Therefore, Plaintiff has satisfied the first element in the analysis for determining whether Defendant González's qualified immunity defense may be overcome.

With regard to the second element, the constitutional right in question is the Eighth Amendment right to be free from cruel and unusual punishment.  This right is a widely known and clearly established right.  Such Eighth Amendment protections are not novel or vague.  The Moving Defendants do not argue this element in their motion for judgment on the pleadings.  Accordingly, the Court finds that Plaintiff has satisfied the second element.

With regard to the third element, a reasonable officer in Defendant González's position of prison Superintendent would understand that encouraging officers to carry out an unprovoked

CIVIL NO. 04-1344 (JP)          -15-

beating of an inmate constitutes a violation of the Eighth Amendment. Defendant González's role as Superintendent required him to impose order and discipline in the prison while also understanding the legal limits on disciplinary techniques. The Court therefore finds that Plaintiff has satisfied the third element for defeating Defendant González's claim of qualified immunity. Accordingly, the Court rejects Defendant González's qualified immunity defense, and will permit Plaintiff's Eighth Amendment claim against said Defendant to proceed.

**E.    State Law Claims**

The Moving Defendants argue that if all federal claims against them are dismissed, the Court should decline to exercise jurisdiction over the supplemental state law claims alleged against said Defendants. In light of the dismissal of all federal claims against Defendants Rivera, Costales, and Pereira, the Court will also dismiss the state law claims against said Defendants. See Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7-8 (1st Cir. 2007) (affirming district court's decision to decline jurisdiction over state law claims after dismissing federal claims). Because an Eighth Amendment claim remains against Defendant González, the Court will retain jurisdiction over the state law claims against Defendant González.

CIVIL NO. 04-1344 (JP)          -16-

**IV.   CONCLUSION**

The Court **GRANTS IN PART AND DENIES IN PART** the Moving Defendants' motion for judgment on the pleadings.  The Court will enter judgment dismissing with prejudice Plaintiff's Eighth Amendment claims against Defendants Rivera, Costales, and Pereira.  The Court will also dismiss with prejudice Plaintiff's First Amendment claims against all Defendants.  Remaining before the Court are Plaintiff's Eighth Amendment and state law claims against Defendant González, as well as Plaintiff's Eighth Amendment and state law claims against the nonmoving Defendants – Olivera, Montalvo, Maldonado, and Rodríguez.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2009.


                                             s/Jaime Pieras, Jr.
                                            JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE